**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**SEP 26 2025**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNARDINO NAVARRO VALENTIN, | No. 25-2206 |
| Petitioner, | Agency No. A204-739-500 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Bernardino Navarro Valentin, a native and citizen of Mexico, petitions pro
se for review of the Board of Immigration Appeals' ("BIA") order dismissing his
appeal from an immigration judge's decision denying his application for
cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny the petition for review.

Substantial evidence supports the agency's determination that Navarro Valentin has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Navarro Valentin's contention that the agency failed to assess all hardship factors in the aggregate.

Navarro Valentin does not challenge the agency's determination that he failed to establish good cause for a continuance to submit additional hardship evidence, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**